REQUESTED BY: Senator Chris Beutler Nebraska State Legislature Room 1105, State Capitol Lincoln, NE 68509
Dear Senator Beutler:
You have asked our opinion as to the constitutional validity of LB 599, which would undertake to regulate takeover bids. In our opinion, it violates the Commerce Clause of the United States Constitution, Article I, Section 8, giving Congress the power to regulate commerce among the several states, and it may be held to have been pre-empted by a federal act on the same subject.
We will not attempt to set forth in detail the provisions of LB 599, but it is an attempt to regulate so-called `takeover bids,' by which an offeror attempts to acquire more than ten percent of the stock of a `target company,' by making an offer to purchase such stock at a specified price. At the time of making such an offer the offeror is required to file with the Department of Banking and Finance and with the target company certain specified information.
Section 8 of the bill forbids a solicitation or recommendation to the stockholders to accept or reject a takeover bid unless, at the time such solicitation or recommendation is first published or sent to such stockholders, copies of such solicitation or recommendation have been filed with the department. Section 11 authorizes an injunction to prevent a violation of the act.
A target company is defined as a corporation whose equity securities are the subject of a takeover bid, and which has 35 or more shareholders residing in Nebraska. No other connection with Nebraska is required, and the bill would purport to prohibit transactions not involving Nebraska residents or corporations, and taking place wholly outside Nebraska.
Congress has undertaken to regulate takeover bids by the passage of the Williams Act, 15 U.S.C. §§ 78m(d)-(e) and78n(d)-(f). We have not attempted to compare the provisions of LB 599 and those of the Williams Act, to see if there is an irreconcilable conflict, because there appears to be a clear violation of the Commerce Clause. We will, however, call your attention to the fact that the United States District Court for the District of Nebraska has held on a number of occasions that the present Nebraska takeover statute, Neb.Rev.Stat. §§ 21-2401 to 21-2417 (Reissue 1977) is unconstitutional as being in conflict with the Williams Act, and has routinely enjoined its enforcement.
In Edgar v. Mite Corporation, U.S.,73 L.Ed.2d 269, 102 S.Ct. 2629 (1982) the court struck down the Illinois takeover statute. The court found, first, that it was pre-empted by the Williams Act, because Congress, in passing the Williams Act, had attempted to strike a balance between management of the target corporation and the bidder, to the advantage of the stockholders, and that the Illinois Act, in making additional delays possible, tipped the balance more in favor of incumbent management. The court reached this conclusion despite finding that it was not impossible to comply with both the Williams Act and the Illinois Act.
While the court did not specifically so hold, a logical extension of the above holding might be that the Williams Act had entirely occupied the field, and that any additional requirements by a state would operate to the advantage of incumbent management, in violation of the Williams Act. That may be an extreme interpretation, but it is possible. In authorizing injunctions for violation of LB 599, the bill may be subject to the same fatal conflict with the Williams Act as was the case with the Illinois Act.
Even more clearly, however, the court's language inEdgar would invalidate LB 599 as being in violation of the Commerce Clause. The court distinguished the state `blue-sky laws,' which had been upheld on the grounds that they involved intrastate transactions, saying that the Illinois Act differed from such laws in that it directly regulated transactions which took place across state lines, even if wholly outside the state of Illinois.
The Illinois Act was applicable if two of the following three conditions were met: The corporation had its principal executive office in Illinois, was organized under the laws of Illinois, or had at least ten percent of its stated capital and paid-in surplus represented in the state. LB 599, in contrast, would require much less state nexus, in making its provisions applicable whenever the target company has 35 or more shareholders residing in Nebraska. Virtually any publicly-traded corporation would meet that requirement.
The court thoroughly discussed the Commerce Clause question, pointing out that trading in securities is by means of interstate commerce, but that the Illinois Act would prohibit transactions not only with Illinois residents, but also with those living in other states and having no connection with Illinois. Clearly, LB 599 would do the same.
We therefore conclude that, in light of Edgar v. MiteCorporation, it would be difficult to defend LB 599 against constitutional attack.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General